Let's turn to our next argument for today. 20-3193 Dotson International Parts v. Williams International Company. Earlier we had Mr. McConwell when we didn't need him. Sorry I couldn't get my my mouse wasn't working. I'm sorry. Why don't you proceed Mr. McConwell. Okay. I may have pleased the court. I'm Edward McConwell and I represent Dotson International Parts Inc. The case I think is the big the first issue is the status of Cummings is whether the narrow broad criteria basis for analysis of arbitration clauses is still viable. I have cited to the court Justice Gorsuch's concurring opinion in the Chelsea case in its entirety. I count about 14 different reasons why the narrow broad procedure is inappropriate and I of course adopt those. I don't have time to go through each of those. They're in my reply brief and set out very I quoted the entire concurring opinion in the reply brief but he basically said there's no statutory basis for that procedure that the consent is the first item that is supposed to be considered by the court. He said there's no statutory basis for what procedure? For the narrow broad decision and then the biggest problem I have with it is the automatic transfer all collateral cases if there's some decision that it's a broad clause. There's no real criteria for that and it's not the statutory makeup and he's very carefully gone through all these points. There's like 14 different reasons why this is an inappropriate procedure. Now I understand that has been the law and the district court seem to be still quoting that statute and I know that all three of you have had cases involving this issue. Cox for one, Burgess for another, Judge Hartz and the Beltran case that Judge Moritz had and Judge Eade had the Feeder case. It's not quite as in depth as the other three other cases that you all have been involved in but none of them cite Cummings. They don't rely on it. They go to the proposition that very first item that you're supposed to do is consider whether or not there was consent and it's to be determined by the under state law of where the contract was formed or the state law applicable to the contract and that analysis must be done as the first item but that's contrary to the procedure that is set forth in Cummings and then there's an east recent district court case where the court let me yes sir judge well you don't want us to follow Cummings you don't want to I don't want you I want you to clear it say it's not the law of the 10th circuit there's only one other circuit the second circuit that seems to follow that no none of the other circuits and I don't I think you all can take care of that so let's let's say we're not going to feel bound by Cummings okay but let's look at the language here the the contract arbitration clause talks about all disputes arising from or in connection with maintenance performed by Williams what do you think that encompasses I say that encompasses any claim that arises out of the maintenance performed now maintenance is the issue and what's maintenance performed in this instance all it is inspection that was performed during the time period of of the 21st of March 2014 and April 2nd all the maintenance in this case was performed at that point by the Williams FAA certified repair station I thought that's what your position was but that seems to ignore the words or in connection with I asked what is that arising from or in connection with and you said well it's anything arising from maintenance which I think is your point but it's unless we're going to say that in connection with has no meaning that it's surplusage it's got to mean more than arising out of maintenance doesn't it I don't think so from the literal language of it it's from the let me say this then I'll I'll stop to give you okay stop but what that what you're saying is that in connection with that language adds nothing to the scope of the arbitration clause that's correct it's future I'm sorry go ahead it's future events not past not existing claims at the time of the arbitration clause was was entered into and and if you if you go back and then look at the statute the statute provides for two options one is a all-encompassing uh the clause that covers everything involved in the parties and the other is just for for specific future events and if you look that's directly related in the the nine usc2 uh there's two possible is a written provision to settle arbitration of controversy thereafter arising something in future or an agreement in writing to submit arbitration an existing controversy arising out of such contract and the second prong here was not in this clause at all and then if you go back and take a look at the the arbitration rules that that williams added to their addendum in this case particularly at page 104 uh it has it says the parties can provide for arbitration of future disputes by inserting the following language in their contracts and it gives language similar to this this arbitration provision and then it says arbitration of existing disputes may be accomplished by use of the reading from the arbitration rule triple a arbitration rules it's the williams addendum 104 and this is the agreement if it involves past or current uh existing disputes and that language is not in this arbitration clause at all and my my proposition is that it cannot under the the language the arising language cannot relate to any existing claim which williams readily admits that the complaint the claims in the complaint are dealing with the existing business conditions business practices of williams and they've admitted that in a declaration slash affidavit in support of their motion to transfer to arbitration and they've admitted it in their briefing and that's exactly what we're saying that existing claims i.e the antitrust claims the declaratory judgment request those are all existing claims that force the client to be to go to williams in the first place because there was no other source because of the anti-competitive practices of williams and you have authority that the language arising from or in connection with does not include existing claims i just take what what triple a says and they the how they phrased it i think just if you look at the intent of the face of it you cannot read into it existing claims and the judge found these were collateral claims and they automatically transferred them to arbitration which is another complaint i have about the broad narrow language of it that they're really effectively automatically transferred and judge borsig springs brings us up in his um occurring opinion also they're automatically transferred without in-depth analysis of the existing claim but the bottom line is the only maintenance performed in this case and this is this is a complicated set of facts that's why i suggested we we have this oral argument all they did for the maintenance williams and only williams the repair station can perform maintenance on an aircraft engine williams the factory can't all they did was perform full disassembly of the engine to determine hardware required to return service that's the inspection portion of it and perform a fluorescent penetrant inspection of the gearbox and interstage housing now that was performed that's all the maintenance was performed by williams in this case we roll back another year and then uh in january and about nine months later an engineer had an epiphany that oh there's a video of this event and therefore it must be that's not the repair station making a maintenance decision at all you don't think that's in connection with the maintenance not at all not at all it's just video there's the fact what language could they have had that would have covered this these disputes why don't you write a clause that would cover this dispute that way williams will know in the future how to write a contract i think they've already done it i think they've corrected the problem in their in their future arbitration provisions i've read some later that what's the language that you think corrects it uh any and all disputes past or present that concern or relate to these engines and the work that we do for the engines on our business purposes and something and actually this this proposed language makes uh more of a detailed recitation of what the dispute existing disputes are if you take a look at page 104 that that's triple a says is a clause that would provide for an all-encompassing uh arbitration past present whatever or anything between them i think you cite in your brief mr mcconnell you cite the i think you said a sixth circuit case um was it russell russell right and what is that case what proposition did that case stand for well only that that you made the decision the statement in that case that this the situation really was sixth circuit i think right yeah right but but it was considered in cox right right said that uh this however this uh there was however intrinsic evidence in russell that could well be the sort of forceful evidence of the party's intent that can overcome the presumption in favor of arbitrariness that was the language that y'all had in cox but my point is as far as this broad narrow issue well i guess let me let me stop there because i think cox also rejected russell had concluded that they're essentially the word arise doesn't kind of kind of past tense uh existing disputes right and we specifically rejected russell's the sixth circuit's conclusion in russell in in rey cox and we noted that in zinc we we said that the word rise encompassed existing disputes so we haven't we rejected your theory in cox no uh you haven't because in that case the language in the arbitration clause was different than it was in russell it doesn't in any way relate to there was additional language in cox that wasn't present in russell and that was the basis upon which you went on and ignored that but you still said this is a possible this is the type of thing that you come up i thought we talked specifically about the word arise right i understand but there was the other language in the provision all right anyway relate to and even you go back to zinc and everything this they're all encompassing disputes between us and all encompassing language it's not here and you have to go say it look and court should have done an analysis well what's maintenance mean what does maintenance mean in this context the confusion and i'll tell you that it came up in the court with this matter is there was an assumption that the engines could not be repaired on page 16 of the judge's order that's uh uh ecf 19 uh i've actually put it in my addendum also order in january 31st 2017 she said count two is a breach of bailment and conversion relating to williams keeping the engines and components when the engines could not be repaired and she said this is directly from the contract but the problem is at that time when the engines were finished april 2nd they were requested to be returned may 1st approximately at least by the 20th of may and they never were and i say that's when the conversion occurred at that point those engines had gone through an inspection a significant percentage way over 50 of the internal parts had been signed off as being used been serviceable for return to service the the fadex which is an engine control system that turned the service of the engine the gas producer units were also signed off on as being airworthy and returned to service in the return to the service of that air engine uh and those that's an $85,000 part uh and in the part and the client said i don't want to repair them just return the engines they didn't that's when the conversion occurred but the judge thought that they were not repairable at that point but the repair station had considered that they were repairable with the addition replacement of certain parts let me let me ask you since your time is running now i know sorry what how were you injured by the lack of discovery with respect to the antitrust claim do you have i didn't see any argument in your brief that talked about how you were put all that in the record but we didn't argue because we're arguing the the issue of the the transfer in itself but in an antitrust case when you can't do third-party discovery of the other people involved in these engines and marking and the maintenance of them uh you can't go through and prove all the factors you need and just physically impossible effectively vindicate your case is your title to do under gilmer and we were i mean i've outlined in the record there's a list of all the things we requested every one of which was essential to the presentation thank you mr cut well mr thank you your honor may it please the court by following this court's president this court can affirm the district district court's order compelling arbitration and the district court's order confirming the award i plan to address the order compelling arbitration first and then as time permits the order confirming the award as we all know under the federal arbitration act arbitration clauses shall be valid irrevocable and enforceable unless there are grounds at law to uh for revocation of the contract that's the argument that dawson made in the district court when williams moved to compel arbitration and the district court judge looked at those issues under controlling law and found there was no basis to revoke the contract and the district court's order then again followed the liberal federal policy favoring arbitration and in line with that federal policy is that is that any doubt regarding the scope of arbitrable issues is to be resolved in favor of arbitration and if we go to this court's decision in in rey cox there's a passage there that said arbitration should not be denied unless it may be said with positive assurance that the clause is not susceptible of an interpretation that covers the dispute this court in brown v coleman interpreted an arbitration clause very similar to the one at here that was any claim arising from or in connection with is the very definition of a broad arbitration clause and in that event any matter that touches the underlying contract should be arbitrated so reading in rey cox and brown v coleman together if the arbitration clause can be interpreted either way either covering a dispute or not the federal policy and the presumption favoring arbitration drives all those collateral claims into arbitration that's what the district court did in this case back in 2017. the district court applied this court's three-part test enunciated in sanchez which came from the cummings case and then also i'd point out that the sanchez case was decided after the chelsea pharmacy case which is the case in which judge gorsuch issued a concurring opinion the first step in that test is to classify whether the clause is broad or narrow and looking at in rey cox and brown v coleman the only conclusion that can be reached using this court's precedent is that the clause in this contract arising from or in connection with is the very definition of a broad clause i'd like to next move on to discussing the issue of maintenance and and the extent to which that phrase maintenance performed in the arbitration clause uh it impacts this court's decision as to whether the district court erred in referring all the collateral claims to arbitration it's williams position that maintenance is used in this arbitration clause has a very very broad meaning that includes not only actual components that williams in fact repaired or fixed or replaced but maintenance that it refused to reasons and maintenance in this particular case that dodson itself rejected because the costs were too high in the context of williams repair station um the repair station does a number of things to aircraft engines and what that repair station can and cannot do is largely driven by what its instructions what its engine manuals say has been accepted and approved by the faa if those manuals do not allow williams to perform a certain procedure then it cannot perform maintenance but in the context of this arbitration clause the word maintenance has to include not only that which was in fact done but that which cannot be done in accordance with the applicable manuals so even if we were to accept dodson's claim that maintenance within the context of the arbitration clause is limited to the regulatory definition in the federal aviation regulations the outcome is the same and if we look at that definition that regulatory definition maintenance means inspection overhaul repairs preservation and the replacement of parts so if we go back to this court's decision in coleman as long as the allegations in the original complaint touch on maintenance they were properly referred to arbitration so we go back to look at i guess i want to make sure i understand all right are you suggesting that even without the presumption by that definition this would you know maintenance would include inspection absolutely do we need the presumption i guess that's where i'm going do we do we even need the presumption that we've applied the broad versus narrow presumption do we need that here based on the in connection with language i don't think we absolutely need it even if we apply the regulatory definition for maintenance but under this circuit's precedent and i think there's some supreme court precedent backing that up if you do have a broad clause no matter how you arrive at that conclusion the federal presumption favoring arbitrability kicks in and then with that we all the collateral claims that are alleged and they all go to arbitration count one of the original complaint was for intentional misrepresentation and if we look at the allegations in the complaint they talk about inspections the estimates for repairs and replacement parts again all tying back to that definition of maintenance and the interesting situation here your honors is that williams performed those inspections it issued detailed estimates to repair these engines and then dodson said no those costs are too high and the reason dodson said that was by the time it had dodson paid those original repair estimates and then tried to sell the repaired engines it was not going to make any anyway in its brief at page 29 dodson argues the intentional misrepresentation claim existed before it signed the contracts during arbitration however dodson narrowed this intentional misrepresentation claim to one statement a statement that williams made one year later in february of 2015 to the effect that the video of this particular crash was new information to the engineers at williams and based on that new information williams reached the conclusions that in the interest of air safety it would not repair the engines under any set of circumstances clearly count one was tied to and touched on maintenance to be performed or in this case refused to be performed by williams count two in the original complaint is a conversion claim again the conversion claim is clearly tied to the maintenance that dodson asked williams to perform the conversion claim arose from the maintenance because dodson signed the contracts authorizing williams to inspect the engines dodson sent the engines to williams for those inspections dodson then rejected williams original repair estimates and then dodson left the engine at 2014 if we move forward a little bit to february of 2015 dodson then sold those two unrepaired engines to a third party for a couple hundred thousand dollars it was after that sale that williams then informed dodson and the purchase purchaser of those engines that it would not and six months later dodson repurchased one of those engines and then filed suit even after dodson repurchased that engine in july of 2015 dodson never asked williams to return that engine so with all those facts combined it is clear that the conversion claim related or certainly touched on the maintenance that dodson asked williams to perform count three is dodson's illegal tying allegations in the original complaint this was a claim that dodson dropped when it filed its amended complaint during arbitration again looking at the allegations of the complaint dodson alleged the tying of replacement parts and repair services clearly again that touches on the maintenance of these particular engines count four in the original complaint was the abuse of monopoly claim and this again arose from and touched on maintenance to be performed and we we can look at three things to confirm that one we can look at the allegations of the original complaint two we have the benefit of the evidence that dodson in fact presented to the arbitrator on this claim and there's a concern about the antitrust claim is that appropriate for arbitration given the restrictions on discovery i think that's the only logical conclusion to reach your honor based on the gilmore decision and the mitsubishi motors decision both of which involved arbitration claims that were compelled to arbitration even in the light of section 7 of the federal arbitration act which is the section that limits the scope of discovery available in arbitration explain why you say that both gilmer and mitsubishi motors cases recognize that statutory claims such as antitrust claims are appropriate to be resolved through arbitration and i think this court's decision and in rey cox reached a similar similar conclusion when it found that a pre-existing antitrust claim was properly compelled to arbitration in the context of a broad arbitration clause so did any of these opinions address restrictions on discovery and how that might affect public policy i don't i i do not believe they did your honor but i think those decisions were all issued with the assumption that everybody knew that section 7 of the federal act restricts non-party discovery in arbitration and to to further bolster that particular point your honor in this case we can look back to what the arbitrator did in response to dodson's request to postpone the hearing to allow it to try and obtain that non-party discovery from text on text drawn and text in this particular case the arbitrator said that dodson failed to explain what materiality or relevance that evidence or putative evidence from non-parties would have as to the arbitration claim and that given the fact that the arbitrator had already heard 17 days of evidence she concluded that the need to conclude the hearing outweighed any potential benefit to be had from evidence of questionable materiality or relevance what was the litigation regarding materiality did did dodson explain it certainly listed what information it was seeking through discovery did it not it did and both the arbitrator and the district court judge said to the effect that dodson claimed the evidence was relevant and material but that it failed to explain why that was the case and without such an explanation the district court said and i'm going to paraphrase quickly it's not up to the court to articulate dodson's arguments if they don't have not taken the position to explain relevance and materiality that evidence the court was not going to do it for them well implicit in that i would think is the assumption that if it is relevant material then it's necessary to obtain even in an arbitration of an antitrust case if one can reach the conclusion that it would in fact be relevant and material i would agree with but here the arbitrator found that was not the case and the district court i reached the same conclusion and i see that my time i see that my time has expired thank you thank you counsel the case is submitted counselor excused